(84 Misc. Rep. 457)

### SACHS v. GASDORF.

(Supreme Court, Appellate Term, First Department. March 5, 1914.)

1. NEW TRIAL (§ 99*)—GROUNDS—NEWLY DISCOVERED EVIDENCE.

Where newly discovered evidence was merely cumulative of that given on the trial, and the expectation of a different result on a new trial would only hang on the presumption that another jury might give credence to eight witnesses instead of four, the motion should have been overruled.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 201, 207; Dec. Dig. § 99.*]

2. NEW TRIAL (§ 108*)—NEWLY DISCOVERED EVIDENCE.

Where, on the trial of an action by a broker for commissions, the issue was as to the terms of the contract of employment, testimony of witnesses who were present and heard the contract could not be considered newly discovered evidence on motion for new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 226, 227; Dec. Dig. § 108.*]

Appeal from Municipal Court, Borough of the Bronx, First District.

Action by George Sachs against Hans Gasdorf. From an order setting aside a judgment in his favor, plaintiff appeals. Reversed, and judgment reinstated.

Argued February term, 1914, before SEABURY, GUY, and DELANY, JJ.

N. J. O'Connell, of New York City, for appellant.
Sol Simmons, of New York City, for respondent.

DELANY, J. [1, 2] The plaintiff brought this action to recover commissions alleged to have been earned by him in bringing about the sale of defendant's business to one Phelps, and a verdict in his favor resulted. Subsequently the defendant moved to set aside the judgment, and an order was granted setting aside the same. The ground of the motion was newly discovered evidence and was supported by the affidavits of four persons, which in effect recite the same state of facts as that given on the trial by the defendant and three other witnesses. Such testimony is purely cumulative, and the expectation of a different

result on a new trial would only hang on the presumption that another jury might give credence to eight which the former jury evidently refused to give to four witnesses. Such a presumption is without any logical support and is insufficient to justify a new trial. The plaintiff had but his own and Phelps' testimony to sustain his case, so that the difference in the number of witnesses could not have affected the defendant prejudicially. Nor is the evidence proposed newly discovered in the proper sense. The accidental finding of a card in his pocket after the trial he claims furnished him with the name of a witness whose discovery led to others. The question to which this evidence applies is whether the plaintiff was to look to the buyer for his commissions; defendant claiming that he reduced the price from $7,500 to $7,000 on such an understanding between the three. But this was denied by the plaintiff and Phelps. The persons who were present at the time of these negotiations and might have been expected to have heard the conversation could hardly be supposed to furnish newly discovered evidence. While the fact that the evidence was cumulative would not in every case be a ground for denying a motion for a new trial, yet, where evidence is cumulative and already given by a goodly number of witnesses, some impelling facts must be shown to make it probable that the interest of justice requires a new trial. Defendant had his day in court as well as the plaintiff and had witnesses on the point in question double the number of the plaintiff. The jury determined the fact on the evidence, and no such situation in our opinion is shown to justify the disturbance of its finding.

Order reversed, with costs, and judgment reinstated. All concur.